Johnson, C. J., delivei’ed the opinion of the court. The only question presented by the record in this case, is, whether' the circuit court erred in sustaining the demurrer, interposed by the State, to the plea of the plaintiff in error? It was ruled by this court, in the case of Slattery, Ex parte, 3 Ark. Rep. 485, that-the General Assembly may, if they deem it necessary, vest in a corporation court the jurisdiction of all crimes less than felony at the common law. The city of Little Rock was incorporated in 1835. On the 21st of December, 1840, the General Assembly enacted that each of the city justices, elected for the city of Little' Rock,- as now provided by law, shall, separately or together, have jurisdiction as a corporation court, to hear, try and determine certain enumerated offences, among which are assaults and batteries,without the necessity of indictment or presentment. The fourteenth section of the second article of the constitution, declares-that no' man shall be put to answer any criminal charge but by' ’ presentment, indictment or impeachment. Under this clause of the constitution, it becomes necessary to determine whether the matter charged against the plaintiff in error amounts to a criminal offence or not? For if it be a criminal charge, then it is manifest that the Legislature, though authorized to confer the jurisdiction, could not do so without the necessity of indictment or presentment. A crime or misdemeanor is defined to be “an act committed, or omitted, in violation of a public law, either forbidding or commanding it.” This general definition comprehends both crimes and misdemeanors, which properly speaking are mere synonymous terms, though in common usage, the word “crimes” is made to denote such offences as are of a deeper and more atrocious dye, while smaller faults, and omissions of less consequence, are comprised under the gentler name of misdemeanors only. It certainly cannot require an argument to prove that an assault and battery is a criminal offence. The statute is express that every person guilty of an assault and battery shall, on conviction thereof, be fined in any sum not less than ten, nor more than two hundred dollars. The act, therefore, which is charged against the plaintiff, was committed, if at all, in violation of a public law, that expressly forbids it. We entertain no doubt of the power of the legislature to confer jurisdiction upon corporation courts, over all criminal cases less than felony at the common law, yet in order to exercise that power, it is necessary that it should be done by an act in strict conformity to the constitution. The act of 1840, conferring jurisdiction upon the city court of Little Rock in assaults and batteries, so far from conforming to that instrument, is 'clearly repugnant to it. The one expressly requires either a presentment or indictment, and the other as expressly dispenses with the necessity of both. It is therefore manifest that the act, so far as it attempts to confer jurisdiction upon the city court of Little Rock, in cases of assault and battery, is a direct and palpable violation of the constitution, and therefore absolutely void. Such being our view of the act set up in the plea, we are clearly of opinion that the trial .in the city court'was coram non judice and void, and that, consequently, it can afford no bar to the present indictment. We are therefore of opinion that there is no error in the judgfnent of the circuit court in sustaining the demurrer.